IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

JUDITH COLAW,

          Plaintiff,

vs.                                      **Case No. 04-4055-RDR**

A-1 MARKETING, INC., et al.,

          Defendants.

## O R D E R

This matter is presently before the court upon defendant Lien Tai Crafts Development Ltd. Co.'s (Lien Tai Crafts) motion to dismiss for lack of personal jurisdiction. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

Plaintiff brings this action against defendants A-1 Marketing, Inc. and Lien Tai Crafts based on diversity jurisdiction. Plaintiff is a citizen of Kansas and the defendants are Texas corporations. Plaintiff contends she purchased a "Power Scooter" from the defendants in August 23, 2003. She alleges she sustained injuries on that date while driving the Power Scooter when the front wheel assembly collapsed.

Lien Tai Crafts is an importer of consumer products, with its principal place of business in Plano, Texas. It imports consumer products for resale to wholesale and retail outlets.

It does not sell consumer products to the ultimate consumer. Lien Tai Crafts does not own any property or maintain any bank accounts within the state of Kansas. It does not have any employees within the state of Kansas. It does not advertise or solicit customers within the state of Kansas.

In or about April 2003, A-1 Marketing ordered E Scooters from Lien Tai Crafts. A-1 Marketing has its principal place of business in Dallas, Texas. The scooters were to be delivered to A-1 Marketing in Dallas within sixty days. In or about August 2003, Lien Tai Crafts ordered 385 E Scooters from an export company in Hong Kong. The scooters were delivered to Long Beach, California. The E Scooters were then shipped by rail from Long Beach to A-1 Marketing in Dallas. A-1 Marketing accepted delivery on August 19, 2003. Lien Tai Crafts did not sell or deliver any E Scooters to a customer in the state of Kansas. Lien Tai Crafts did not know that the scooters purchased by A-1 Marketing would be sold by A-1 Marketing to a retail outlet within the state of Kansas. Lien Tai Crafts is not aware that any products it sold were used or consumed within the state of Kansas prior to August 2003.

Lien Tai Crafts contends that the court lacks personal jurisdiction over it. They assert they have had no contacts with the state of Kansas, and the exercise of personal

jurisdiction over them violates the Kansas long-arm statute and due process. Plaintiff essentially contends that personal jurisdiction over Lien Tai Crafts exists because Lien Tai Crafts placed the scooter in the stream of commerce.

Plaintiff bears the burden of establishing personal jurisdiction over the defendants. <u>OMI Holdings, Inc. v. Royal Insurance Co. of Canada</u>, 149 F.3d 1086, 1091 (10th Cir. 1998). Where, as here, the court does not hold an evidentiary hearing, and the motion rests on the plaintiff's complaint and affidavits and other materials submitted by the parties, the plaintiff need only make a prima facie showing of personal jurisdiction. <u>Id</u>. "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant. In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" <u>Id</u>. (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 477 (1985)).

To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause

of the Fourteenth Amendment.  <u>Far West Capital, Inc. v. Towne</u>, 46 F.3d 1071, 1074 (10th Cir. 1995).  To determine whether jurisdiction is legitimate under the laws of Kansas, the court looks to the Kansas long-arm statute, K.S.A. § 60-308(b). However, "[b]ecause the Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process, [the court] proceed[s] directly to the constitutional issue."  <u>Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.</u>, 17 F.3d 1302, 1305 (10th Cir. 1994).

The due process clause permits the exercise of jurisdiction over a nonresident defendant "so long as there exist 'minimum contacts' between the defendant and the forum State."  <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 291 (1980).  The "minimum contacts" standard may be established by either specific jurisdiction or general jurisdiction.  In <u>OMI Holdings, Inc.</u>, the Tenth Circuit explained the requirements for establishing specific jurisdiction as follows:

> Our specific jurisdiction inquiry is two-fold. First, we must determine whether the defendant has such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there." <u>World-Wide Volkswagen</u>, 444 U.S. at 297, 100 S.Ct. 559. Within this inquiry we must determine whether the defendant purposefully directed its activities at residents of the forum, <u>Burger King Corp.</u>, 471 U.S. at 472, 105 S.Ct. 2174, and whether the plaintiff's claim arises out of or results from "actions by the defendant *himself* that create a substantial connection

4

>with the forum state." <u>Asahi Metal Industry Co. v. Superior Court of California</u>, 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (internal quotations omitted) (emphasis in the original). Second, if the defendant's actions create sufficient minimum contacts, we must then consider whether the exercise of personal jurisdiction over the defendant offends "traditional notions of fair play and substantial justice." <u>Id</u>. at 113, 107 S.Ct. 1026. This latter inquiry requires a determination of whether a district court's exercise of personal jurisdiction over a defendant with minimum contacts is "reasonable" in light of the circumstances surrounding the case. <u>See id</u>.

149 F.3d at 1091. A court may maintain general jurisdiction over a defendant based on the defendant's general business contacts with the state. <u>Id</u>. General jurisdiction exists when the defendant's contacts with the forum state are so systematic and continuous that the court may exercise jurisdiction over the defendant even though the claims at issue are unrelated to the defendant's contacts with the state. <u>Id</u>.

Plaintiff has not articulated whether she is relying upon specific or general jurisdiction. The court fails to find that plaintiff has demonstrated jurisdiction exists under either theory. Plaintiff relies solely on the "stream of commerce" theory to assert personal jurisdiction over the defendant. Under the stream of commerce theory, a defendant's contact with the forum state need not be direct to satisfy due process requirements. The deliberate, although perhaps indirect, introduction of products into the stream of commerce

5

with the expectation of distribution in particular areas may be enough to satisfy the minimum contacts/purposeful availment test.  See World Wide Volkswagen, 444 U.S. at 297 (noting purposeful availment may occur by actions or even a single act for which the defendant "should reasonably anticipate being haled into court in the forum state"); Fidelity and Cas. Co. of N.Y. v. Philadelphia Resins Corp., 766 F.2d 440, 446 (10th Cir. 1985).  Generally, simply placing a product into the stream of commerce, without more, is not sufficient to satisfy the constitutional standard for personal jurisdiction.  Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., 480 U.S. 102, 112 (1987) ("The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.").  Instead, "[a]dditional conduct" is generally required to "indicate an intent or purpose to serve the market in the forum State."  Id.  A defendant's mere "awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State."  Id.

Plaintiff has alleged that Lien Tai Crafts knew, apparently through its involvement with A-1 Marketing, that its products would be distributed in Kansas.  "In ascertaining the facts

6

necessary to establish jurisdiction, the district court must accept as true the allegations set forth in the complaint to the extent they are *uncontroverted* by defendant's affidavits." Ten Mile Indus. Park v. Western Plains Serivce, 810 F.2d at 1518, 1524 (10th Cir. 1987)(emphasis added). Only the well-pled facts of the complaint, as distinguished from conclusory allegations, must be accepted as true. Id. Therefore, the court's determination of the issue before it "involves an application of the law to the facts as set forth in the affidavits and complaints, favoring the plaintiff where a conflict exists, as well as a determination as to the legal sufficiency of plaintiff's jurisdictional allegations in light of the facts presented." Id.

The defendant has produced an affidavit that indicates that Lien Tai Crafts had no knowledge that its products would be sold in Kansas. Plaintiff has failed to controvert this affidavit other than by conclusory allegations in her complaint and briefs. Therefore, the court finds that plaintiff has not established a prima facie case of purposeful availment under the stream of commerce theory. Plaintiff has simply alleged that Lien Tai Crafts placed its product into the stream of commerce and that this placement had an effect on the Kansas economy. Plaintiff fails to allege any contacts that demonstrate Lien Tai

Crafts itself created a substantial connection with the state of Kansas. Without a showing of minimum contacts, the court must grant defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that defendant Lien Tai Crafts Development Ltd. Co.'s motion to dismiss for lack of personal jurisdiction (Doc. # 17) be hereby granted. Lien Tai Crafts is hereby dismissed for lack of personal jurisdiction.

**IT IS SO ORDERED.**

Dated this 31st day of August, 2005 at Topeka, Kansas.

 s/Richard D. Rogers
 United States District Judge